UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAMONE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14 CV 1052 DDN |
| ) | |
| STOKES CONTRACTOR SERVICES L.L.C., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**
**REMANDING CASE TO STATE COURT**

This action is before the court on the motions of defendant Stokes Contractor Services L.L.C. to quash service of process (Doc. 5) and to dismiss (Doc. 6), and on the motion of plaintiff Damone Johnson to remand (Doc. 8). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 17.) A hearing on the motion to quash service of process was held on August 7, 2014. On August 20, 2014, plaintiff filed an amended complaint in this court. (Doc. 23.)

## I. BACKGROUND

On January 16, 2014, plaintiff Damone Johnson commenced this action against defendant Stokes Contractor Services L.L.C. in the Circuit Court of St. Louis County. (Doc. 2.) On June 6, 2014, defendant removed the action to federal court under 28 U.S.C. § 1441(b), invoking federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 1.)

According to the original petition filed in the state court and the amended complaint filed in this court, the following occurred. Plaintiff Damone Johnson resides in Missouri. (Doc. 2 at ¶ 1; Doc. 23 at ¶ 1.) Defendant Stokes Contractor Services L.L.C. is a Missouri corporation with its principal place of business in Missouri. (Doc. 2 at ¶ 2; Doc. 23 at ¶ 2)

Plaintiff commenced employment at $28.91 per hour with defendant. (Doc. 2 at ¶ 4; Doc. 23 at ¶ 5.) Soon afterwards, defendant instructed plaintiff to remove ceilings for a demolition project. (Doc. 2 at ¶ 5; Doc. 23 at ¶ 6.) Plaintiff noticed asbestos in the ceilings that

defendant instructed him to remove.  (Id.)  Plaintiff informed the project manager, who informed defendant's owner, Bruce Stokes.  (Doc. 2 at ¶ 6; Doc. 23 at ¶ 7.)

After his shift on July 30, 2013, plaintiff informed Bruce Stokes that only specialized teams should work with asbestos and that his coworkers did not qualify.  (Doc. 2 at ¶ 7; Doc. 23 at ¶ 8.)  He also inquired regarding the failure to inform employees about the presence of asbestos.  (Id.)  Bruce Stokes told plaintiff that he would mark the areas containing asbestos with red paint.  (Doc. 2 at ¶ 8; Doc. 23 at ¶ 9.)  Plaintiff also discussed the employees' harmful exposure to asbestos.  (Doc. 2 at ¶ 7.)  Bruce Stokes terminated plaintiff with the stated purpose of avoiding an uproar about but added that he would not issue a written reason for the termination.  (Id. at ¶ 9.)  Since his termination, plaintiff has been unemployed.  (Id. at ¶ 11.)  As a result of defendant's actions, plaintiff has suffered lost wages, emotional distress, embarrassment, pain, and suffering.  (Id. at ¶ 13.)

Citing 29 Code of Federal Regulations § 1926.1101, plaintiff alleges in his original state court petition that defendant wrongfully discharged him in violation of the public policy of Missouri.  (Doc. 2 at ¶¶ 10-12.)  Plaintiff further alleges that Mo. Rev. Stat. § 510.265, which places limitations on punitive damage awards, violates the Missouri Constitution.  (Id.)  Plaintiff requests actual damages, punitive damages, and costs.  (Id. at 4.)  In his amended complaint, plaintiff alleges his termination violated the public policy of Missouri and cites Revised Statutes of Missouri 643.225, Missouri Regulations 10 Code of State Regulations 10-6.241(3)(B) and 10-6.250(3), and the previously cited section of the Code of Federal Regulations.  (Doc. 23 at ¶ 11.)

## II. MOTION TO REMAND

Plaintiff moves to remand the action to state court for lack of subject matter jurisdiction, arguing that his sole claim arises under the Missouri common law and presents no federal question.  Defendant responds that plaintiff's claim raises questions of federal law due to its reliance on 29 C.F.R. § 1926.1101.  (Doc. 8.)

## III.  DISCUSSION

Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand.  Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).  Courts must be "mindful that the

nature of federal removal jurisdiction--restricting as it does the power of the states to resolve controversies in their own courts--requires strict construction of the legislation permitting removal." Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).

The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction. See 28 U.S.C. § 1441(b). The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Knudson v. Sys. Painters, Inc., 634 F.3d 968, 975 (8th Cir. 2011). Federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treats of the United States." 28 U.S.C. § 1331.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "There is no single, precise definition of [the 'arising under'] concept; rather, the phrase 'arising under' masks a welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986). Federal question jurisdiction applies to state law claims that "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).

Plaintiff's sole claim of wrongful termination is a Missouri common law claim. (Docs. 2, 23.) Under Missouri law, "[a]n at-will employee may not be terminated (1) for refusing to violate the law or any well-established and clear mandate of public policy as expressed in the constitution, statutes, regulations promulgated pursuant to statute, or rules created by a governmental body or (2) for reporting wrongdoing or violations of law to superiors or public authorities." Fleshner v. Pepose Vision Inst., P.C., 304 S.W.3d 81, 92 (Mo. 2010). "[A] wrongful discharge action must be based on a constitutional provision, a statute, a regulation based on a statute or a rule promulgated by a governmental body." Margiotta v. Christian Hosp. Ne. Nw., 315 S.W.3d 342, 346 (Mo. 2010). Plaintiff's state court petition bases his wrongful

termination claim on 29 C.F.R. § 1926.1101. (Doc. 2.) Determining whether defendant violated 29 C.F.R. § 1926 is substantial and necessary to plaintiff's claim and a disputed issue. Plaintiff argues that whether defendant violated the regulation is not necessary because wrongful discharge actions may be brought in the absence of a violation and based solely on the belief that a violation occurred. See Kelly v. Bass Pro Outdoor World, LLC, 245 S.W.3d 841, 848-49 (Mo. Ct. App. 2007). However, plaintiff alleges that defendant knowingly violated 29 C.F.R. § 1926.1101, an allegation that necessarily entails the issue of whether defendant violated 29 C.F.R. § 1926.1101, keeping in mind that plaintiff later alleged that his termination also violated Missouri statutory and regulatory laws.

Thus, the sole remaining question before the court is whether the court may entertain the claim without disturbing the balance of federal and state judicial responsibilities. In Merrell Dow, consumers claimed negligence against a drug manufacturer and alleged that the branding of a drug violated the Federal Food, Drug, and Cosmetic Act. 478 U.S. at 805-06. The Supreme Court of the United States found no federal question jurisdiction, concluding that "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" Merrell Dow Pharm. Inc., 478 U.S. at 817. By contrast, in Grable & Sons, an individual brought a quiet title action, arguing that title to a land parcel was invalid due to the failure of the Internal Revenue Service to notify the individual of its seizure of the land parcel as required by Internal Revenue Code. 545 U.S. 308, 310-11. The Court found federal question jurisdiction, noting that the meaning of the Internal Revenue Code was the sole disputed issue, that the interpretation of a federal statute belongs in federal court, and that the government has a strong interest in the collection of taxes. Id. at 314-15. The Court contrasted Grable & Sons from Merrell Dow, emphasizing that negligence claims raised the concern of a significant increase in the volume of federal litigation due to frequent invocations of federal law in negligence actions and that such concern did not lie with quiet title actions. Id. at 316-20.

Here, under Missouri law, whether or not Bruce Stokes terminated plaintiff in actual violation of the cited federal regulation, plaintiff may make a case based upon his belief that defendant thereby violated federal law. Kelly v. Bass Pro Outdoor World, LLC, 245 S.W.3d at 848-49; Dunn v. Enterprise Rent-A-Car Co., 170 S.W.3d 1, 11-12 (Mo. Ct. App. 2005). Plaintiff

grounds his cause of action upon Missouri state law; the actual violation of the cited federal regulation is not essential to the state law claim, especially now that plaintiff has cited alternative, Missouri state laws. Furthermore, Occupation Safety and Health Administration regulations, such as the one cited by plaintiff, do not contain a private right of action. <u>Chew v. American Greetings Corp.</u>, 754 F.3d 632, 637 (8th Cir. 2014). Violations of federal regulations may serve as evidence, but unless clearly indicated by Congress, they do not "independently create private rights of action" and therefore do not constitute a claim arising under the Constitution, laws, or treaties of the United States. <u>Id.</u> Under plaintiff's allegations, the balance of federal and state judicial responsibilities is heavily tipped to the state judiciary. Therefore, this court is without subject matter jurisdiction over this action. Plaintiff's motion to remand must be sustained.

## IV. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of plaintiff Damone Johnson to remand (Doc. 8) is sustained. The case is remanded to the Circuit Court of St. Louis County.

**IT IS FURTHER ORDERED** that all other pending motions are deferred to the Missouri state courts.

                                                  /S/   David D. Noce
                                       **UNITED STATES MAGISTRATE JUDGE**

Signed on September 10, 2014.